UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MARLAN C. BONDS,                                  )
                                                  )
                          Petitioner,             )
                                                  )
            v.                                    )          No. 1:22-cv-01678-JPH-TAB
                                                  )
SUPERINTENDENT PENDLETON                          )
CORRECTIONAL FACILITY,                            )
                                                  )
                          Respondent.             )

**Order Dismissing Petition for a Writ of Habeas Corpus for Lack of Jurisdiction**

Petitioner Marlan Bonds is incarcerated at Pendleton Correctional Facility pursuant to an Indiana state court conviction for neglect of a dependent resulting in serious bodily injury and battery upon a child. For the reasons explained in this Order, the Court **dismisses** Mr. Bonds' petition for a writ of habeas corpus for lack of jurisdiction.

## I.      Dismissal of Petition

Mr. Bonds filed a "motion to file successive petition for writ of habeas corpus ad prosequendum" and a "motion for certificate of appealability." Dkts. 4, 5. These motions relate to his conviction in Indiana Cause number 20D03-0310-FB-00197 and his subsequent petition for habeas corpus in case number 3:11-cv-420 in the Northern District of Indiana. *See Bonds v. Superintendent*, 2012 WL 3961216 (N.D. Ind. Sept. 7, 2012).

When there has already been a decision on the merits in a federal habeas action, a petitioner must obtain permission from the Court of Appeals under 28 U.S.C. § 2244(b) to initiate another round of federal review. *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). "Section

2244(b)(3)(A) is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for the filing." *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999) (internal quotation omitted) (emphasis in original).

Mr. Bonds has twice applied for permission from the Seventh Circuit Court of Appeals to pursue a successive petition. *See Bonds v. Neal*, No. 18-3682, docket 1 (Application for an order authorizing the District Court to consider a second or successive petition under 28 U.S.C. Section 2254); *Bonds v. Neal*, No. 19-1756, docket 1 (same). He has not received permission; thus, this Court lacks jurisdiction over his petition and it must be dismissed.

## II.    Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). Instead, a state prisoner must first obtain a certificate of appealability. See 28 U.S.C. §2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Applying these standards, and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, and 28 U.S.C. § 2253(c), the Court finds that reasonable jurists would not dispute that Mr. Bonds' petition is an unauthorized successive petition over which this Court lacks jurisdiction. The Court therefore **denies** a certificate of appealability.

### III.      Conclusion

Mr. Bonds' petition for a writ of habeas corpus is **dismissed** for lack of jurisdiction. His motion for leave to proceed *in forma pauperis*, dkt. [2], motion to file successive petition for writ of habeas corpus, dkt. [4], and motion for certificate of appealability, dkt. [5], are **denied as moot**. Final judgment shall now issue.

The Court observes that Mr. Bonds has included hundreds of pages of exhibits, some of which mention the child victim by name. **The clerk is directed** to place docket entries [1-1] and [4] under seal.

**SO ORDERED.**

Date: 9/16/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MARLAN C. BONDS
953219
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064